FILED
**Oct 28, 2020**
**02:46 PM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| ALEXIS SALTERS, | ) | Docket No. 2020-08-0492 |
| Claimant, | ) | |
| v. | ) | |
| HEALTHCHANNELS, LLC d/b/a | ) | |
| SCRIBE AMERICA, | ) | State File No. 20286-2020 |
| Respondent, | ) | |
| And | ) | |
| SENTRY CASUALTY COMPANY, | ) | |
| Carrier. | ) | Judge Deana C. Seymour |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

The Court held a hearing on HealthChannels, LLC's motion for summary judgment on October 23, 2020. The dispositive issue is whether HealthChannels is entitled to summary judgment because Ms. Salters failed to timely file her claim. For the reasons below, the Court holds that HealthChannels is entitled to summary judgment.

### Procedural History

Ms. Salters claimed injuries to her head, ear, and mouth after fainting and falling at work on April 15, 2019. HealthChannels denied the claim based on the idiopathic nature of Ms. Salters's injury.

Ms. Salters filed a Petition for Benefit Determination requesting workers' compensation benefits on May 12, 2020. HealthChannels filed its motion, along with a statement of undisputed facts, on August 26, 2020. Ms. Salters did not respond to the motion as required by Tennessee Rules of Civil Procedure 56.03.[1]

---

[1] During the motion hearing, Ms. Salters alleged she never received the motion or attachments, which explained the requirements of Rule 56. HealthChannels's attorney verified the documents were served by mail and email, and the Court granted permission for it to file proof of service following the hearing. HealthChannels filed the sworn statement of Ashley Namynanik, which included the email that was sent to Ms. Salters on August 26, 2020.

1

## HealthChannels's Motion

HealthChannels filed a statement of undisputed material facts with citations to the record in compliance with Tennessee Rules of Civil Procedure 56.03 and the sworn declaration of Laurel Sitze, the claims adjuster from Sentry Casualty Co. assigned to Ms. Salters's claim. The Court summarizes the material facts as follows: 1) Ms. Salters filed her PBD on May 12, 2020; 2) Ms. Salters seeks temporary and medical benefits arising out of an incident at work on April 15, 2019; 3) HealthChannels denied Ms. Salters's claim; and 4) HealthChannels did not voluntarily pay workers' compensation benefits to or on behalf of Ms. Salters from April 15, 2019, to April 15, 2020. HealthChannels contended it was entitled to summary judgment because Ms. Salters failed to file her PBD within the one-year statute of limitations in Tennessee Code Annotated section 50-6-203(b)(1) (2019).

## Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2019).

As the moving party, HealthChannels must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of Ms. Salters's claim, or (2) demonstrate that her evidence is insufficient to establish an essential element of her claim. Tenn. Code Ann. § 20-16-101 (2019); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If HealthChannels is successful in meeting this burden, Ms. Salters must then establish that the record contains specific facts upon which the Court could base a decision in her favor. *Id.* at 265.

Ms. Salters filed no response opposing HealthChannels's properly-supported motion for summary judgment, and she failed to meet the technical requirement of Rule 56 by responding to HealthChannels's statement of undisputed facts. Therefore, the Court finds the motion and the facts undisputed. The issue then is whether under Rule 56.06 summary judgment is "appropriate."

Under Tennessee Code Annotated section 50-6-203, an employee's right to recover compensation is forever barred unless the employee files a PBD within one year after the accident resulting in injury. Here, Ms. Salters's accident occurred on April 15, 2019, but she did not file her PBD until May 12, 2020.

The statute of limitations can be extended by payments made on the claim. *See* Tenn. Code Ann. § 50-6-203(b)(2). However, based on Ms. Sitze's sworn statement, no

2

benefits were paid on the claim between April 15, 2019, and April 15, 2020. Considering the merits of HealthChannels's motion, the Court finds it successfully demonstrated that Ms. Salters failed to timely file her claim.

Since HealthChannels met its burden, the Court considers whether Ms. Salters identified facts upon which the Court could base a decision in her favor. As Ms. Salters failed to respond to the motion as required by Rule 56, she cannot dispute any of the facts HealthChannels asserted in its statement of material facts. *See Union Serv. Indus., Inc. v. Sloan*, 1988 Tenn. App. LEXIS 592, at *4 (Tenn. Ct. App. Sept. 28, 1988). Therefore, the Court finds Ms. Salters failed to identify any facts showing a genuine issue for trial.

**IT IS, THEREFORE, ORDERED** as follows:

1. HealthChannels's Motion for Summary Judgment is granted, and Ms. Salters's claim is dismissed with prejudice to its refiling.

2. Absent appeal, this order shall become final thirty days after entry.

3. The Court taxes the $150.00 filing fee to HealthChannels under Tennessee Compilation Rules and Regulations 0800-02-21-.06, payable to the clerk within five days of this order becoming final.

4. HealthChannels shall prepare and submit the SD-2 with the Clerk within ten days of the date of judgment.

**ENTERED October 28, 2020.**

_____
**Judge Deana C. Seymour**
**Court of Workers' Compensation Claims**

3

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on October 28, 2020.

| Name | Certified Mail | U.S. Mail | Email | Service sent to: |
|---|---|---|---|---|
| Alexis Salters, Employee | X | X | X | 8908 Bell Forrest Drive Olive Branch, Mississippi 38654 ansalters@gmail.com |
| LeeAnne Murray, Employer's Attorney | | | X | leeamurray@feeneymurray.com |

Penny Shrum

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**Wc.courtclerk@tn.gov**



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. *See* Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*